**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

REEFER TEK LLC and REEFERTEK USA
CORP.,

        Plaintiffs,

-against-

EL DORADO TRAILER LEASING, LLC,

        Defendant.

**OPINION AND ORDER**

17 Civ. 1809 (ER)

---

RAMOS, D.J.:

  This action stems in large part from a default judgment entered against one of the Plaintiffs, Reefertek USA Corp. (the "Corporation"), and in favor of Defendant, El Dorado Trailer Leasing, LLC ("El Dorado"), in the District Court for the Eastern District of Wisconsin (the "Wisconsin Judgment"). *See Eldorado Trailer Leasing LLC v. ReeferTek USA Corp.*, 14 Civ. 1199 (LA), 2015 WL 13173096 (E.D. Wis. May 29, 2015). Plaintiffs Reefer Tek LLC (the "LLC") and the Corporation (together, "Plaintiffs") bring three causes of action: two claims for breach of contract on behalf of the LLC; and an action to vacate the Wisconsin Judgment or, in the alternative, for injunctive relief on behalf of the Corporation. Doc. 1, Ex. A. This action was initially filed in Bronx Supreme Court and was subsequently removed to this Court. Doc. 1. This Court has diversity jurisdiction. 28 U.S.C. § 1441(a)–(b).[1]

  Before the Court is Plaintiffs' motion to vacate the Wisconsin Judgement due to a lack of personal jurisdiction and to subsequently lift the restraining notices issued in connection with

---

[1] The LLC and the Corporation are citizens of New York, *see* Doc. 1, Ex. A ¶ 10; Doc. 13; El Dorado is a citizen of Wisconsin, *see Eldorado Trailer Leasing LLC*, 14 Civ. 1199 (LA), Doc. 8 ("Amended Wisconsin Complaint") ¶ 1; and the amount in controversy exceeds $75,000, *see* Doc. 1, Ex .A ¶ 22.

said judgment, or, in the alternative, to enjoin enforcement of the judgment. Doc. 5, Ex. B ("Order to Show Cause"); *see also* Doc. 10. For the reasons set forth below, the motion is Court GRANTED.

I.  BACKGROUND

A. **Factual Background**

Plaintiffs produce refrigerated vans. Doc. 5, Ex. C ("Leibman Affidavit") ¶¶ 5–6. The LLC is "in the business of custom up-fitting motor vehicles for use in the refrigerated vehicle industry." *Id.* ¶ 5. And the Corporation "is in the business of providing, marketing, website support and purchasing for independent Reefertek dealers." *Id.* ¶ 6. The Corporation, which is incorporated and headquartered in New York, does not perform up-fitting. *Id*; Doc. 1, Ex. A ¶ 10. Furthermore, the LLC and the Corporation have different tax identification numbers and purport to be "two separate and distinct entities." Doc. 6, Ex. J ("Leibman Reply Affidavit") ¶¶ 3–4; *id.*, Exs. 1–2.

In March or April 2013, El Dorado, a Wisconsin company that leases trailers, entered intonegotiations with the LLC to install refrigeration units in four motor vehicles and gave the LLC a down payment of $108,000.[2] *Eldorado Trailer Leasing LLC*, 14 Civ. 1199 (LA), Doc. 8 ("Amended Wisconsin Complaint") ¶¶ 8–13; Leibman Affidavit ¶ 7. Shortly thereafter, El Dorado cancelled the order. Amended Wisconsin Complaint ¶ 15; Leibman Affidavit ¶ 9. The LLC returned part of the deposit, but it retained $44,650 "as partial compensation for the expenses incurred prior to the cancellation." Leibman Affidavit ¶ 10. El Dorado maintains that

---

[2] In the Amended Wisconsin Complaint, El Dorado does not make a distinction between the LLC and the Corporation. Amended Wisconsin Complaint ¶ 2. However, the allegations in its original complaint are against the LLC, not the Corporation. *Id.*, Doc. 1. The Corporation was not named in the original complaint. The Leibman Affidavit further confirms that the transaction took place with the LLC, not the Corporation. Leibman Affidavit ¶¶ 4–11.

2

it never authorized any work. Amended Wisconsin Complaint ¶ 16. The LLC subsequently went out of business in June of 2014. Leibman Affidavit ¶ 10.

In September 2014, El Dorado sued the LLC in the District Court for the Eastern District of Wisconsin for common law conversion, civil theft, fraudulent misrepresentation, and unjust enrichment. *Eldorado Trailer Leasing LLC*, 14 Civ. 1199 (LA), Doc. 1. The case was assigned to U.S. District Judge Lynn Adelman. On October 30, 2014, Judge Adelman ordered El Dorado to amend its complaint because it did not "identify the citizenship of the members of [the] LLC," but rather only "identifie[d] the state of organization and principal place of business of [the] LLC, which are facts that are irrelevant to determining the citizenship of [the] LLC." *Id.*, Doc. 6 at 1. El Dorado then filed an amended complaint naming the Corporation, rather than the LLC, as the Defendant and alleging that it "does business under the name ReeferTek, LLC, and [that] that entity and its members are not citizens of Wisconsin." Amended Wisconsin Complaint ¶ 2. Neither the Corporation nor the LLC filed an appearance in the action, and the court entered a default judgment against the Corporation for a sum of $178,600 on May 29, 2015. *Eldorado Trailer Leasing LLC*, 14 Civ. 1199 (LA), Doc. 16.

In August 2016, El Dorado registered the judgment in the Southern District of New York pursuant to 28 U.S.C. § 1963. Doc. 5, Ex. G ("Starr Affirmation") ¶ 2. It then filed a transcript of the judgment with the Bronx County Clerk on September 6, 2016 pursuant to CPLR § 5018(b). *Id.* ¶ 3. On December 16, 2016, attorneys for El Dorado sent a restraining notice to JPMorgan Chase Bank regarding the Corporation's accounts there, pursuant to CPLR § 5222. Leibman Affidavit, Ex. 5.

The Corporation's position is that any attempt to enforce the judgment is improper because it was not subject to personal jurisdiction in the Eastern District of Wisconsin. It asserts

that El Dorado's amended complaint "improperly and falsely alleg[ed] that the Corporation was 'doing business as' the [LLC]," when such was not and has never been the case. Leibman Affidavit ¶¶ 12–14.

## B. Procedural History

Plaintiffs filed the instant action against El Dorado in Bronx County Supreme Court on January 21, 2017. Doc. 5, Ex. A. It applied for an Order to Show Cause the same day, which the court issued. *Id.* A Show Cause Hearing was held before Judge Ruben Franco on February 6, 2017.[3] Doc. 5, Ex. B. El Dorado removed the case to federal court on March 13, 2017, before Judge Franco could decide the motion. Doc. 1. El Dorado proceeded to file an answer and counterclaims with this Court on March 17, 2017. Doc. 4. Plaintiffs filed their reply on April 13, 2017. Doc. 8. On July 14, 2017, El Dorado alerted the Court that Plaintiffs' motion for preliminary injunction and other ancillary relief was pending in the Bronx at the time of removal, and it requested that the Court decide the motion. Doc. 10.

## II. LEGAL STANDARD

In its briefing to the Bronx Supreme Court, Plaintiffs argued that the Wisconsin Judgment should not be entitled to full faith and credit under CPLR § 5401[4] and that the Court should "exercise its equitable power to vacate the Default Judgment," either under CPLR § 5015(a) or otherwise. Doc. 5, Ex. D ("Schwartz Affirmation") ¶ 9. The Court will construe "[Plaintiffs'] motion as a motion to vacate pursuant to Rule 60(b) of the Federal Rules of Civil Procedure." *Chestnut v. Wells Fargo Bank, N.A.*, No. 10 Civ. 4244 (JS) (ARL), 2012 WL 3637577, at *2

---

[3] There is no transcript of this hearing. *See* Doc. 10.

[4] The Court notes that CPLR § 5401 would be inapplicable, given that El Dorado chose to register the Wisconsin judgment through the procedure offered by 28 U.S.C. 1963 and CPLR 5018(b). *See Keeton v. Hustler Magazine, Inc.*, 815 F.2d 857, 861 (2d Cir. 1987) (finding that Article 54 provided an alternative procedure for registering foreign judgments but that both procedures remained available).

4

(E.D.N.Y. Aug. 20, 2012) (citing *Milgram v. Orthopedic Assocs. Defined Contribution Pension Plan*, 666 F.3d 68, 78 (2d Cir. 2011) (noting that CPLR procedural rules do not apply in federal court)); *Hudson Valley Care Ctrs., Inc. v. Green Manor Dialysis Ctr., LLC*, 05 Bk. 16436, 2009 WL 3497124, at *2 n.1 ("[CPLR] 5015 is the main provision for vacating default judgments in state court and the approximate counterpart of F.R.C.P. 60(b)."); *see also* Fed. R. Civ. P. 81(c)(1) ("[The Federal Rules of Civil Procedure] apply to a civil action after it is removed from a state court.").

In relevant part, Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding [if] . . . the judgment is void." Fed. R. Civ. P. 60(b)(4). "[A] judgment . . . is void . . . if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *In re Texlon Corp.*, 596 F.2d 1092, 1099 (2d Cir. 1979) (internal quotation marks and citations omitted). "While other motions to vacate under Rule 60(b) are left to the district court's discretion, a 60(b)(4) motion must be granted if it is found that the court initially lacked jurisdiction." *Grady v. Grady*, No. 10 Civ. 8809 (CS), 2015 WL 5052663, at *1 (S.D.N.Y. Aug. 26, 2015) (quoting *Popper v. Podhragy*, 48 F. Supp. 2d 268, 271 (S.D.N.Y. 1998)).

"[V]oidness of a judgment for lack of personal jurisdiction can be asserted on a collateral challenge after entry of a default judgment." *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008); *In re Choez*, No. 15 Bk. 45404 (ESS), 2017 WL 5604109, at *6 (E.D.N.Y. Nov. 20, 2017) ("[P]recedent exists supporting the proposition that Rule 60(b)(4) may be invoked in the registration court to obtain relief from a foreign default judgment attacked as void for lack of personal jurisdiction over the parties against whom it was rendered." (quoting

5

*Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 734 (2d Cir. 1980)). Courts have found that "the non-appearing defendant might some day wish to bring a subsequent challenge to the default judgment in the distant forum where it was entered, but will usually be permitted to present the challenge defensively, or offensively, in a local forum if the judgment is sought to be enforced against him or his property." *"R" Best Produce, Inc.*, 540 F.3d at 123 (internal citations omitted). This applies even to non-appearing parties who have received proper service of process. *Id.*

A motion to vacate a judgment "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). The Second Circuit "has been exceedingly lenient in defining the term 'reasonable time,' with respect to voidness challenges. In fact, it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void 'may be made at any time.'" *"R" Best Produce, Inc.*, 540 F.3d at 123–24 (quoting *Beller & Keller v. Tyler*, 120 F.3d 21, 24 (2d Cir. 1997)).

### III. DISCUSSION

Plaintiffs ask that the Court vacate the Wisconsin Judgment and lift the restraining notice, or in the alternative, that it enjoin enforcement of the Wisconsin Judgment for the duration of this litigation. The main thrust of Plaintiffs' argument is that the Corporation was not subject to personal jurisdiction in the Wisconsin action because it "did not enter into any agreement or contract with defendant, did not receive any funds from defendant, did not do any business with defendant whatsoever, did not owe the defendant any money and was never in nor did it do any business in the State of Wisconsin."[5] Schwartz Affirmation ¶ 4. It further argues that even

---

[5] Implicit in this argument is the fact that the Corporation was not a citizen of Wisconsin. The Corporation has sufficiently established that it is incorporated and headquartered in New York. *See* Schwartz Affirmation, Ex. 1. This is corroborated by El Dorado's allegations in the Amended Wisconsin Complaint. Amended Wisconsin

6

though El Dorado "conflated" the Corporation and the LLC, "[i]t is basic that a corporation cannot 'do business' as a limited liability company." *Id.* ¶¶ 6–7 (citing New York Bus. Corp. L. § 202(b) ("No corporation shall do business in New York state under any name, other than that appearing in its certificate of incorporation, without compliance with the filing provisions . . . governing the conduct of business under an assumed name.")). El Dorado, in turn, argues that personal jurisdiction in the Eastern District of Wisconsin was proper because the Corporation "was operating one business under multiple names." [6] Doc. 5, Ex. F ("Vanderloop Affidavit") ¶ 6. According to the operative Wisconsin complaint, the Corporation, "upon information and belief, does business under the name ReeferTek, LLC." Amended Wisconsin Complaint ¶ 2.

"A federal court may exercise personal jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause." *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019) (quoting *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). Wisconsin's long-arm statute provides, in relevant part, for personal jurisdiction "[i]n any action claiming injury to person or property . . . arising out of an act or omission within [Wisconsin] by the defendant," or in any action that relates to "things of value shipped from this state by the plaintiff to the defendant on the defendant's order or direction." Wis. Stat. § 801.05(3), (5)(d). "To satisfy due process . . . a foreign defendant 'generally must have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Lexington Ins. Co.*, 938 F.3d at

---

Complaint ¶ 2. Moreover, if Reefertek LLC were a citizen of Wisconsin, the District Court for the Eastern District of Wisconsin would not have had subject matter jurisdiction, as diversity would have been destroyed.
[6] In its briefing, El Dorado primarily argues that the Court cannot vacate a judgment registered pursuant to 28 U.S.C. § 1963 and CPLR 5018(b) and that the only question for the Court to decide is whether such a judgment was properly registered. Doc. 6, Ex. H, at 1–5. However, "[t]his Court has the undoubted power to vacate a default judgment registered in this jurisdiction if it finds that the rendering court did not have personal jurisdiction over the defendant." *Coil Co., Inc. v. Weather-Twin Corp.*, 539 F. Supp. 464, 466 (S.D.N.Y. 1982) (citing *Covington Indus., Inc.*, 629 F.2d 730).

7

878 (quoting *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (internal quotation marks and citations omitted)). Personal jurisdiction can be general or specific. There is no allegation that general personal jurisdiction should apply here. In the Seventh Circuit, there are three requirements for specific jurisdiction:

> First, the defendant's contacts with the forum state must show that it 'purposefully availed [itself] of the privilege of conducting business in the forum state or purposefully directed [its] activities at the state.' Second, the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities. And finally, any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice.

*Id.* (quoting *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (internal citations omitted)).

As an initial matter, the Court must determine whether Plaintiffs or El Dorado bear the burden of proof in establishing whether the Eastern District of Wisconsin had personal jurisdiction.

> While some courts have stated that when either subject matter or personal jurisdiction is contested under Rule 60(b)(4), the burden of proof is properly placed on the party asserting that jurisdiction existed, others hold that the burden shifts where the defendant was on notice of the original proceeding before the entry of default judgment.

*Grady*, 2015 WL 5052663, at *1 (internal quotation marks and citations omitted). The rationale is that "[s]hould the burden of proof be lodged with the plaintiff, severe prejudice can result when evidence needed to prove jurisdiction is no longer available due to the passage of time." *Id.* (internal quotation marks omitted) (quoting *Rhom & Haas Co. v. Aries*, 103 F.R.D. 541, 544 (S.D.N.Y. 1984)). The Corporation does not contest that it was properly served in the Wisconsin action. Accordingly, even though the Corporation did not make an appearance in the Wisconsin action, it had actual notice of the proceedings before the default judgment was entered. *See* Vanderloop Affidavit, Exs. B–C. This is further evidenced by e-mail correspondence between counsel for El Dorado and counsel for the Corporation submitted by El Dorado in the Wisconsin

8

action. *Eldorado Trailer Leasing LLC*, 14 Civ. 1199 (LA), Doc. 14, Ex. 1 (e-mail correspondence discussing the case and attaching a draft of an Answer to the Amended Wisconsin Complaint, which was never filed). Therefore, the Court finds that the burden is properly placed on Plaintiffs in this case.

At this time, Plaintiffs have met their burden with regards to the motion to vacate for lack of personal jurisdiction. They have sufficiently established that the Corporation was not registered to do business as the LLC. *See* Schwartz Affirmation, Ex. 1. Indeed, there is no indication whatsoever that the Corporation operated under any assumed name. Plaintiffs have also sufficiently shown that the Corporation and the LLC have different tax identification numbers and that they appear to be registered as different entities. Doc. 6, Ex. J ("Leibman Reply Affidavit"), Exs. 1–2. Moreover, as the Leibman Affidavit establishes, "the Corporation has never done business with the defendant, never received money from the defendant and does not owe it any money." Leibman Affidavit ¶ 14. The Court also notes that El Dorado has offered no factual support—either in the Wisconsin action or in this one—for its claim that the Corporation did business as the LLC or that the corporate form should otherwise be ignored. Without more, the Court cannot find that the Corporation did business as the LLC or that the Corporation and the LLC were one and the same such that the actions of the LLC should be attributed to the Corporation for personal jurisdiction purposes. Taken together, these facts call into question whether the Corporation was subject to Wisconsin's long-arm statute. Moreover, they establish that the Corporation did not have the requisite minimum contacts with Wisconsin to subject it to specific personal jurisdiction there.

For these reasons, the Court finds that it must vacate the Wisconsin Judgment for lack of personal jurisdiction. In light of this decision, Plaintiffs' motion for a preliminary injunction to stay the enforcement of the Wisconsin Judgment is moot.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to vacate the Wisconsin Judgement. El Dorado is directed to instruct JPMorgan Chase Bank to lift the restraining notice on the Corporation's accounts, if such restraint is still in place. The parties are directed to appear for a status conference on Thursday, December 12, 2019 at 10:30 AM.

SO ORDERED.

Dated: November 5, 2019
New York, New York

Edgardo Ramos, U.S.D.J.