UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REEFER TEK LLC and REEFERTEK USA, CORP.,

                Plaintiffs,

          – against –

EL DORADO TRAILER LEASING, LLC,

                Defendants.

**ORDER**

17 Civ. 1809 (ER)

---

Ramos, D.J.:

On January 21, 2017, Plaintiffs brought this suit in New York Supreme Court. Doc. 1. The matter was removed to this Court on March 10, 2017. *Id.* Since March 6, 2020, Plaintiffs have failed to appear in this matter. On November 19, 2020, the Court directed the parties to submit a joint status report by December 3, 2020, warning that failure to comply may result in sanctions, including dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. Doc. 23. Because Plaintiffs have not responded to the Court's Order, or otherwise been in contact with the Court for well over a year, the Court dismisses Plaintiffs' claims for failure to prosecute under Rule 41(b).

**I.    Standard**

Courts evaluating dismissal under Rule 41(b) must consider:

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and

(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).  When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

**II.    Discussion**

Here, each *LeSane* factor weighs in favor of dismissal.  *First*, Plaintiffs have neither responded to the Court's November 19, 2020 Order nor been in contact with the Court in over a year.  "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b).  *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (collecting cases).

*Second*, Plaintiffs were given notice that their case would be dismissed for failure to prosecute.  In its November 19, 2020 Order, the Court clearly warned that "[f]ailure to comply with this Order may result in sanctions, including dismissal for failure to prosecute."  Doc. 23 (citing Fed. R. Civ. P. 41).  Despite this warning, Plaintiffs have not contacted the Court.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed[.]" *LeSane*, 239 F.3d at 210.  Because Plaintiffs were unresponsive to the Court's November 19, 2020 Order, and have not otherwise been in contact with the Court or Defendant in over a year, *see* Doc. 24, the Court perceives no circumstances rebutting this presumption.  *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (presuming prejudice where plaintiff had no contact with the Court for eight months).

*Fourth*, Plaintiffs have failed to take advantage of his "right to due process and a fair chance to be heard[.]" *LeSane*, 239 F.3d at 209.  Indeed, "[i]t is not the function of this Court to

chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000).

*Finally*, no weaker sanction than dismissal could remedy Plaintiffs' failure to prosecute this case. Not only have Plaintiffs failed to advance their case for over a year, but they have also failed to comply with the Court's November 19, 2020 Order. Dismissal is appropriate where, as here, a plaintiff "appears to have abandoned the litigation[.]" *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all of these reasons, the Court dismisses Plaintiffs' claims with prejudice.

It is SO ORDERED.

Dated:   June 14, 2021
        New York, New York

                                                      EDGARDO RAMOS, U.S.D.J.